IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KDH ELECTRONIC SYSTEMS, INC., :    CIVIL ACTION
et al.                        :
                              :
        v.                    :
                              :
CURTIS TECHNOLOGY LTD.,       :
et al.                        :    NO. 08-2201


MEMORANDUM AND ORDER

McLaughlin, J.                          March 3, 2008

        This case involves a contract dispute between
plaintiffs KDH Electronics, Inc. and KDH Defense Systems, Inc.
(collectively, "KDH") and defendants Dr. Thomas Curtis, Michael
Curtis and Curtis Technology (collectively, "Curtis").  The
subject of the contract is the development of an underwater radar
system, and the programming necessary for the system's design and
manufacture.  The parties entered into a Teaming Agreement in
January of 2006.  This agreement outlines the roles played by
each party in the design, testing, and manufacture of the radar
system, known as the T-3 System.  Under the Teaming Agreement,
the plaintiffs were responsible for preparing funding proposals
and marketing the T-3 System, and the defendants assumed the role
of technical researcher, designer and developer.

        In a Memorandum and Order dated December 23, 2008, the
Court found that under the terms of the parties' Teaming
Agreement, KDH owns the source code necessary for the development

and operation of the T-3 System whether or not it pre-existed the design of the T-3 System (Docket # 41).  That decision reserved for later a discussion of the possible application of certain Defense Application Regulations ("DFARs") to the Teaming Agreement and allowed for further briefing on the issue of whether such DFARs affected the interpretation of the Teaming Agreement.  The parties have now briefed the issue of the DFARs applicability and effect.  The Court finds that the DFARs do not change the Court's original interpretation of the Teaming Agreement or its allocation of rights to the T-3 System source code.

Curtis argues that certain Defense Federal Acquisition Regulations apply to the contract signed between KDH and the government, which in turn require that KDH include specific contractual language in its subcontracts.  Curtis states that these regulations preclude a reading of the Teaming Agreement that would grant KDH broad ownership rights over source code. The regulations at issue are contract clauses that the government must include in its contracts with entities such as KDH who perform work under Department of Defense contracts.  The flow-down provisions of the regulations require that KDH include the same contract clauses in its subcontracts with entities like Curtis.

The clauses at issue outline the government's rights to technical data and software developed under such contracts.  48 C.F.R. 252.227-7013 (relating to rights in technical data); 48 C.F.R. 252.227-7014 (relating to rights in software).  Curtis cites several provisions of both DFARs as relevant to their argument, the language of each being substantially identical. The first provision cited is subsection (b), which defines certain kinds of governmental rights in technical data and software.  Subsection (b)(3) states that "[t]he Government shall have restricted rights in noncommercial computer software to be delivered or otherwise provided to the Government under this contract that were developed exclusively at private expense." 252.227-7014(b)(3); see also 252.277-7013(b)(3).  This provision contrasts with another in subsection (b) that defines the conditions for "unlimited" governmental rights.  252.227-7014(b)(1); 252.227-7013(b)(1).[1]

The second provision to which Curtis cites is subsection (k) of the two DFARs.

(k):  Applicability to subcontractors or suppliers . . . .

(2):  Whenever any technical data for non commercial items is to be obtained from a subcontractor or supplier for delivery to the Government under this

---

[1]The content of unlimited and restricted rights (or "limited" rights in the context of 48 CFR 252.227-7013) is defined in an earlier provision of both DFARs.  48 CFR 252.227-7013(a)(13)&(15); 48 CFR 252.227-7014(a)(14)&(15).

contract, the Contractor shall use this same clause in
its subcontracts or other contractual instruments . . .
.  No other clause shall be used to enlarge or diminish
the Government's, the Contractor's, or a higher tier
subcontractor's or supplier's rights in a
subcontractor's technical data . . . .

(4):  The Contractor and higher-tier
subcontractors or suppliers shall not use their power
to award contracts as economic leverage to obtain
rights . . . from their subcontractors or suppliers.

48 CFR 252.227-7013(k); see also, 48 CFR 252.227-7014(k)(1)-(2).

On the basis of these provisions, Curtis states that
the DFARs "charge KDH with a duty to ensure that all markings
protecting Curtis's rights are in place at the time the product
is delivered to the Government so as to protect Curtis's rights."
Defs' Rep. at 3.  Curtis also claims that "KDH, as a prime
contractor, was required to utilize the language stated in the
DFAR, and not to employ . . . language expanding its own rights
or diminishing Curtis's rights in the processor source code.  The
regulation specifically forbids the prime contractor to use its
position as a Government contractor to obtain rights to its
subcontractor's software."  Defs' Mem. at 9.  Finally, Curtis
argues that a contractor may not use its position as a government
contractor to obtain unlimited rights to Curtis' source code
based on Curtis' failure to assert specific limitations over such
rights.  Curtis asserts that "there is no support for KDH's
contention that a contractor . . . may step into the Government's

shoes with respect to obtaining rights to intellectual property."
Defs' Rep. at 4.

Assuming that Curtis may assert rights under
regulations that are essentially contract terms between KDH and
the government, the Court finds that the existence of the DFARs
does not affect its earlier interpretation of the contract
between KDH and Curtis.  While KDH may not be allowed to assume
"unlimited rights" in Curtis' technology simply by virtue of
subcontracting with Curtis, that is not how KDH received its
rights over the T-3 System source code.  The parties negotiated
for ownership rights and reduced their agreement to a written
contract in the form of their Teaming Agreement.  The Teaming
Agreement itself defines the rights of the parties and the DFARs
do not alter the terms of that contract.  KDH has not used any
contractual language, or the absence of language, to
impermissibly expand its rights to the T-3 System source code in
violation of 48 CFR 252.227-7013(k) or 48 CFR 252.227-7014(k).

Nor has Curtis made any showing that KDH used its
economic position, or position as a government contractor, to
leverage property rights away from Curtis.  In fact, the
President of KDH came to Dr. Curtis to request that he help KDH
to design and develop a technology about which KDH knew
relatively little.  Tr. Hr'g 31-31, Sept. 26, 2008.  As a result
of this knowledge gap, Curtis, not KDH, was in a position of

strength in bargaining over the terms of the Teaming Agreement. Nothing about KDH's behavior toward Curtis implicates the regulation's prohibition of the use of undue leverage.

Curtis may have concerns over the government's eventual use of the T-3 System's source code.  Curtis may someday have a cause of action against KDH for a failure to adequately assert the property rights of its subcontractor, or a cause of action to prevent the government from exercising its rights under any applicable regulations given that those regulations were not included in their entirety in the Teaming Agreement.  Still, the terms of the Teaming Agreement itself grant KDH full ownership over the T-3 System source code for use in developing and operating the T-3 System and the regulations do not impact the Court's reading of the Teaming Agreement.

An appropriate order follows.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KDH ELECTRONIC SYSTEMS, INC., :    CIVIL ACTION
      et al.,                  :
                               :
                               :
            v.                 :
                               :
CURTIS TECHNOLOGY LTD.,        :
      et al.                   :    NO. 08-2201
```

<u>ORDER</u>

AND NOW, this 3rd day of March, 2009, upon consideration of the defendants' memorandum of law (Docket No. 42), the plaintiffs' opposition thereto (Docket No. 43), the defendants reply brief (Docket No. 45) and the plaintiffs' sur-reply thereto (Docket No. 47), IT IS HEREBY ORDERED that the Court's Memorandum and Order of December 23, 2008, is AFFIRMED. It is further ORDERED that the plaintiffs will submit a letter to the Court outlining how they would like to proceed in this matter.


                              BY THE COURT:


                              <u>/s/Mary A. McLaughlin</u>
                              MARY A. McLAUGHLIN, J.